STURGIS, Judge.
The defendant husband appeals from a final decree granting divorce to his wife and projecting as part of the decree the terms of a stipulation between the parties whereby (1) they renounced, each to the other, all right, title and interest in their respective separate estates, (2) defendant agreed to pay a stated sum of money for legal services and suit costs, (3) defendant agreed to pay plaintiff $60.00 per month for a period of three years from the date of the final decree or until her death or remarriage, (4) defendant agreed to give to the plaintiff certain described personal property and to continue to make installment payments thereon until the same should be paid for in full, (5) defendant agreed to pay all outstanding bills incurred by plaintiff and defendant prior to the stipulation, and (6) defendant waived notice of further hearings in the cause and agreed that it should be at issue upon the filing of his answer, and also waived “any and all notice to and time of, including, but not limited to, the taking of testimony in this Cause and the issuance of a Final Decree herein.”
The complaint was filed on October 1, 1962. Eleven days thereafter defendant filed an answer admitting that plaintiff had been a resident of this state for more than six months immediately preceding the filing of the suit, that the parties were legally married in June 1961, and that there was no issue born or expected of the marriage; but denying the allegations of fact upon which the right to divorce was predicated. The cause was then referred to a special examiner to take and report the testimony of the respective parties and in the course of the hearing before the examiner plaintiff filed in evidence the mentioned stipulation that was projected by the final decree. At the hearing testimony was adduced on behalf of the plaintiff, but the defendant did not appear or present any testimony. Based on said proofs, the decree appealed was entered and filed on October 23, 1962.
Defendant contends for reversal on the grounds: (1) That the complaint did not state a cause of action for divorce. (2) That it was error to refer the cause to a special examiner to take and report the testimony of the parties. (3) That the chancellor erred in finding that the court had jurisdiction of the cause, and in finding that the equities were with the plaintiff; and was therefore in error in entering the decree of divorce and promulgating the mentioned stipulation. We pause here to note that no assault was made in the trial court with repect to either of these matters. Except for entering into the mentioned stipulation and filing the mentioned answer, the defendant, who was represented by counsel at all stages, did not otherwise participate in the proceedings below.
The stipulation, signed by all parties and their counsel of record, recites that “the parties are at present in a litigation for divorce.” However, it is dated September 21, 1962, which was prior to the filing of this suit, and was filed before the special examiner on October 18, 1962. It is difficult to reconcile the above quoted recitation with the fact that the suit was not commenced at that time. This circumstance, however, when considered in conjunction with the over-all aspects of the case, is of little importance other than to pinpoint the fact that the entire proceeding may be properly characterized as a “friendly suit” for divorce. The stipulation was unquestionably entered into in contemplation of the filing of the suit rather than as an aftermath to it.
*863 Our review of the complaint and examination of the testimony herein indicates that procedurally and factually there is much to be desired on plaintiff’s part. The complaint fails to state specifically what statutory grounds for divorce are relied on. It is only by liberal indulgence of the rule that the burden rests on appellant to demonstrate reversible error, and by indulging inferences of fact which preferably should have been spelled out in the complaint, and by then taking into account the patent implications of the stipulation filed herein, that we are able to conclude that divorce was sought and the final decree predicated on the ground of defendant’s habitual indulgence in violent and ungovernable temper or on the ground that he was guilty of extreme cruelty. Having bridged that gap in obeisance to the apparent concept of modern rules of pleading, which as applied in some instances seems to generate the notion that plaintiff states a cause of action when he points his finger at the defendant, we have no difficulty in concluding that plaintiff’s evidence, though frugal to a fault, is sufficient to support one or the other of said grounds for divorce.
In so holding, we have given substantial weight to the mentioned stipulation, the clear purpose of which was to finally dispose of all property and marital rights, leaving only the question of divorce to the chancellor; and the conviction is inescapable that had it been in their power to stipulate in that regard, each of the parties would have voiced a resounding “Yea.” We recognize that innumerable decrees of divorce are entered ex parte due to the fact that prior to or in the course of litigation the parties have made an amicable settlement of property and other rights growing out of the marriage; further, that when this occurs the active party to the proceeding is lulled into a sense of security with respect to the outcome of the case on the merits and for that reason is inclined not to present more than the modicum of evidence necessary to support the issue of divorce. Indeed, it is well known that in many instances that aspect of the litigation has much to do with the ability of the parties to reach an amicable adjustment by stipulation of matters which would otherwise produce extensive litigation and expense. We are not to be understood as condoning the concept of a friendly suit for divorce to the extent of eliminating the interest of the state in the marriage contract and its preservation. We would be inexcusably naive, however, should we refuse to recognize that society is not improved by any system that requires fighting spouses to remain locked in the same room against their clear wishes to break free, and with no more reason than here shown to prohibit that result.
The technical deficiencies in the proceedings below were aided and abetted by the appellant husband’s stipulation and subsequent indifference to all results of the litigation so long as no greater obligations than those accepted by the stipulation were visited upon him. By the terms of the final decree the chancellor completely indulged him that objective and no good cause is shown for the belated attempt by this appeal to avoid that result. What at the outset might have been a scintillating voyage on the sea of matrimony has been wrecked upon the shoals of conjugal adversity. Fortunately the venture was not of long duration and there was no issue of the marriage to suffer the consequences of its dissolution.
Counsel for appellee did not file a reply brief on this appeal, thus leaving the interest of his client and the chancellor’s decree at sea upon the uncertain waters of the appellate court’s felicity. That is a dubious and dangerous trust to indulge in any case.
Appellant has failed to sustain the burden of demonstrating material error and the decree appealed from is
Affirmed.
CARROLL, DONALD K., C. J., and WIGGINTON, J., concur.